UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERIK ALCALDE,

    Plaintiff,

v().                                        Case No:   2:15-cv-575-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court on Plaintiff Erik Alcalde's Complaint (Doc. 1) filed on September 23, 2015.  Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed legal memoranda in support of their positions.  For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.**    **Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.

### B. Procedural History

On December 10, 2007, Plaintiff filed an application for disability insurance benefits asserting an onset date of September 1, 2005.  (Tr. at 44, 95-97).  On June 2, 2008, Plaintiff was awarded disability benefits with an amended onset date of September 1, 2006.  (Tr. at 93-94).[1]  The Commissioner determined on November 1, 2012, that Plaintiff was no longer entitled to benefits.  (Tr. at 49).  The Commissioner determined that Plaintiff was no longer disabled as of September 2012 and Plaintiff would receive his last check in November 2012.  (Tr. at 30, 50).  In February 2013, a hearing officer reviewed the cessation of benefits and determined that Plaintiff was no longer disabled.  (Tr. at 43, 54-65).

Plaintiff filed a Request for Reconsideration and a Request for Hearing by Administrative Law Judge.  (Tr. at 66, 67).  A hearing was held before Administrative Law Judge ("ALJ") Marshall D. Riley on January 8, 2014.  (Tr. at 26-41).  The ALJ issued an unfavorable decision on March 21, 2014.  (Tr. at 9-19).  The ALJ found Plaintiff's disability ended as of September 1, 2012.  (Tr. at 19).

On August 27, 2015, the Appeals Council denied Plaintiff's request for review.  (Tr. at 1-3).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on September 23, 2015.  This case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 12).

---

[1] This letter does not appear to have a date; however, the index indicates it was dated June 2, 2008, and the ALJ also found that this determination was made on June 2, 2008. (*See* Court Transcript Index and Tr. at 9).

### C. Summary of the ALJ's Decision

Generally, an ALJ follows a five-step evaluation to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. When the issue is cessation of disability benefits, then the ALJ must follow an eight-step evaluation to determine if a plaintiff's disability benefits should continue. *See* 20 C.F.R. § 404.1594(f). At step one, the ALJ must determine if the claimant is engaging in substantial gainful activity. *Id.* If not, then at step two the ALJ must determine whether the claimant has an impairment or combination of impairments that meet or equal the severity of an impairment in the listings. *Id.* If the claimant can satisfy a listing, then the claimant's "disability will be found to continue." *Id.* If not, then at step three, the ALJ must determine if the claimant has experienced medical improvement as shown by a decrease in medical severity. *Id.* If there has been medical improvement, then the claimant proceeds to step four, and if not, then the claimant proceeds to step five. *Id.*

If there has been medical improvement, then at step four the ALJ must determine whether it is related to the claimant's ability to work – *i.e.*, whether there has been an increase in the claimant's residual functional capacity ("RFC"). *Id.* If the medical improvement does not relate to the ability of claimant to do work, then the ALJ proceeds to step five; if it is related, then the ALJ proceeds to step six. *Id.* At step five, the ALJ determines if any exceptions listed in 20 C.F.R. §§ 404.1594(d) and (e) apply. *See* 20 C.F.R. § 404.1594(f). If none of them apply, then the claimant's disability will be found to continue. *Id.* If an exception from (d) applies, then the ALJ must proceed to step six. *Id.* If an exception from (e) applies, then a claimant's disability will be found to have ended. *Id.*

If there is medical improvement that is shown to be related to a claimant's ability to do work, then the ALJ must determine at step six if all of the claimant's current impairments in

combination are severe. *Id.* If the RFC shows significant limitations in a claimant's ability to do basic work activities, then the ALJ will proceed to step seven. *Id.* If the evidence shows that a claimant's current impairments in combination do not significantly limit the claimant's physical or mental abilities to do basic work activities, then these impairments will not be considered severe, and the claimant will no longer be considered disabled. *Id*. At step seven, if a claimant's impairments are severe, the ALJ will assess the claimant's ability to do perform past relevant work. *Id.* If not able to return to past relevant work, then at step eight, the ALJ will determine whether the claimant is able to do other work given Plaintiff's RFC, age, education and past work experience. *Id.*

Here, the ALJ found the most recent favorable medical decision finding Plaintiff was disabled was the determination dated June 2, 2008. (Tr. at 11). The ALJ called this decision the "'comparison point decision' or CPD." (Tr. at 11). At the time of the CPD, the ALJ found Plaintiff to have the following medically determinable impairments: affective/mood disorder and anxiety related disorder. (Tr. at 11). The ALJ noted that these impairments were found to result in an RFC of non-exertional limitations resulting in an inability to meet the mental demands of unskilled work. (Tr. at 11). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2012, the date of Plaintiff's disability. (Tr. at 11). At step two, the ALJ found that Plaintiff suffered from the following medically determinable impairments: back disorder, right shoulder disorder, left knee disorder, and obesity. (Tr. at 11). Since September 1, 2012, the ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, Appendix 1 (20 C.F.R. §§ 404.1525 and 404.1526). (Tr. at 11).

At step four, the ALJ determined that medical improvement occurred as of September 1, 2012. (Tr. at 11). The ALJ found that as of September 1, 2012, the impairments present at the time of the CPD had decreased in medical severity to the point where Plaintiff had no severe mental impairments resulting in functional limitations. (Tr. at 12). The ALJ further found that Plaintiff's medical improvements are related to Plaintiff's ability to work and resulted in an increase in Plaintiff's RFC. (Tr. at 12). At step six, the ALJ determined that Plaintiff continues to have a severe impairment or combination of impairments. (Tr. at 13).

At step seven, the ALJ found that based on the impairments present as of September 1, 2012,

> the claimant had the residual functional capacity to perform medium work (lifting/carrying 50 pounds occasionally and 25 pounds frequently, standing and/or walking about six hours in an eight-hour workday, sitting about six hours in an eight-hour workday and unlimited pushing and/or pulling other than as shown for lift and/or carry) as defined in 20 CFR 04.1567(c) which includes frequently climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling. He can occasionally climb ladders, ropes and scaffolds and reach in all directions, including overhead, with the right upper extremity.

(Tr. at 13). At step eight, the ALJ determined that Plaintiff was unable to perform his past relevant work as a truck driver. (Tr. at 17). After considering Plaintiff's age, education, work experience, and RFC based on the impairments present as of September 1, 2012, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 18). Specifically, after obtaining the testimony of a vocational expert, the ALJ determined that Plaintiff was able to perform the follow jobs: (1) dining room attendant, DOT # 311.677-018; (2) dishwasher, DOT # 318.687-010; and (3) merchandise deliverer, Dot # 299.477-010. The ALJ concluded that Plaintiff's disability ended as of September 1, 2012. (Tr. at 19).

**D. Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. §405(g).  Substantial evidence is more than a scintilla; *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); and *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.    Analysis**

On appeal, Plaintiff raises two issues.  As stated by Plaintiff, they are:

(1) The ALJ failed to properly consider and explain the weight given to the finding of the Department of Veteran's Affairs that Plaintiff is unable to engage in gainful activity and is 100% permanently and totally disabled under their Total Disability Based on Individual Unemployability ("TDIU") standard.

(2) The ALJ erred by finding that Plaintiff does not have a severe mental impairment within the meaning of the Act because substantial evidence does not support the conclusion that his impairments are only "slight abnormalities" with a *de minimis* effect on Plaintiff's ability to work and the ALJ ignored GAF scores from treating providers.

(Doc. 14 at 2-3). The Court will consider each issue in turn.

### A. Weight of Veterans Affairs' Determination

Plaintiff argues that the ALJ failed to afford great weight to the Veterans Administration's ("VA") disability rating. Plaintiff argues that although a decision by another agency is not binding on the Commissioner, this evidence should be afforded great weight. The Commissioner responds that the ALJ considered the findings of the VA and properly afforded these findings little weight because the ratings included no discussion or explanation of the medical evidence or rationale upon which the decision was based.

The VA rated Plaintiff "100% permanently and totally disabled, due to service connected disability or disabilities." (Tr. at 278).[2] The VA also found that Plaintiff's "[e]ntitlement to individual unemployability is continued because the claimant remains unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. This benefit was previously proposed to be discontinued; however, the evidence of record clearly demonstrates that you are unable to maintain employment due to your service connected disabilities." (Tr. at 280).

In the decision, the ALJ addressed "other sources," which presumably included the VA's determination as follows:

> the record reflects disability ratings and/or opinions by other sources. Pursuant to SSR 06-03p, the undersigned considered these decisions as they may provide insight into the severity of the impairments and how it affects the claimant's ability

---

[2] The letter sent to Plaintiff from the VA indicating that he is "100% permanently and totally disabled" is undated. (Tr. at 278).

7

> to function. Upon review of the sources, however, the undersigned assigns it little weight, as the medical evidence they relied upon is not discussed or exhibited, nor is the reasoning for finding disability (Exhibit 17F).

(Tr. at 17).[3] These statements were the only reference to the weight afforded the VA's disability determination.

Plaintiff claims that the VA found Plaintiff to be 100% disabled. (Doc. 14 at 3). Plaintiff argues that the ALJ only gave a cursory review of the VA's findings and this review was inadequate. Plaintiff contends that the ALJ failed to mention the VA by name and, instead, simply stated that "other sources" provided a disability rating within the meaning of SSR 06-03p. Plaintiff also argues that the ALJ's statement that the reasoning for the VA's finding of disability is not present is incorrect. Plaintiff points to the VA's disability rating decision showing that Plaintiff is entitled to total disability and is unable to maintain employment.

The Commissioner responds that the ALJ satisfied his obligation in assessing little weight to the VA's decision. The Commissioner points to medical evidence that Plaintiff had no severe mental impairments and argues that this evidence supports a finding of according little weight to the VA's decision. The Commissioner claims that the VA's rating is not controlling because a determination of disability for Social Security purposes differs from a disability finding by the VA. The Commissioner also contends that nothing prevents an ALJ from according little weight to a VA rating decision.

Generally, an ALJ is required to state with specificity the weight he affords each item of evidence and why he reached that decision. *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)). As to other agency

---

[3] Although the ALJ does not name the VA as an "other source," the cited Exhibit 17F refers to the VA's decision that Plaintiff is 100% permanently and totally disabled. (*See* Tr. at 278-280).

determinations, the Eleventh held that the findings "of disability by another agency, although not binding on the [Commissioner], are entitled to great weight." *Brady v. Heckler*, 724 F.2d 914, 921 (11th Cir. 1984); *Gonz v. Comm'r of Soc. Sec.*, No. 6:12-CV-614-ORL-GJK, 2013 WL 4494313, at *3 (M.D. Fla. Aug. 20, 2013) (citing *Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984)). If an ALJ rejects a VA's finding, the ALJ must state the reasons for doing so to allow a reasoned review by the court. *Cronin v. Comm'r of Soc. Sec.*, No. 6:10-CV-1765-ORL-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 2012). However, an ALJ "may implicitly make a determination" as to this weight. *Kemp v. Astrue*, 308 F. App'x at 426 (citing *Hutchison v. Bowen*, 787 F.2d 1461, 1462 (11th Cir. 1986).

In *Rodriguez v. Schweiker*, the Court remanded the case, in part, because the ALJ did not closely scrutinize the VA's disability rating of the claimant. *See* 640 F.2d 682, 686 (5th Cir. 1981).[4] In *Rodriguez*, the claimant had a VA disability rating of 100 percent disabled. *Id.* at 684. The Court noted that "[a] VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight." *Id.* at 686 (citing *Epps v. Harris*, 624 F.2d 1267, 1274 (5th Cir. 1980); *DePaepe v. Richardson*, 464 F.2d 92, 98 (5th Cir. 1972)). The Court stated that "[a]lthough the ALJ mentioned the Veterans Administration disability rating on [the claimant], he obviously refused to give it much weight." *Id.* Thus, the Court held that "[a] VA rating of 100% disability should have been more closely scrutinized by the ALJ." *Id.*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

9

Here – in two sentences – the ALJ rejected the findings of "other sources," including the VA's 100% disability rating in this consideration. Without mentioning the VA by name, the ALJ determined that these "other sources" should be afforded little weight, reasoning that the medical evidence relied upon to reach the decision was not discussed or exhibited nor was the reasoning for the disability finding. The Commissioner supports the ALJ's decision to afford the VA's determination little weight by referring to other medical evidence in the record that would support that ALJ's decision. However, the ALJ failed to cite to these medical records when affording little weight to the VA's disability determination. The Court cannot affirm the ALJ's decision by relying on the *post hoc* rationale of the Commissioner to support the ALJ's decision, especially when it is unclear whether the ALJ actually considered these records when declining to afford great weight to the VA's disability determination. *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) (citation and internal quotation marks omitted).

The reason that the ALJ afforded little weight to the VA's disability determination was that there was a lack of discussion of the medical evidence relied upon by the VA and a lack of reasoning for the finding of disability. (Tr. at 17). "The ALJ has a basic duty to develop a full and fair record." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (citing *Brown v. Shalala*, 44 F.3d 931, 934 (11th Cir. 1995) (*per curiam*)). An ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981) (internal quotation marks omitted). "Where there are references in the medical records to a VA disability finding, the ALJ has the duty to develop the record relating to the other agency's disability findings. *Cronin*, 2012 WL 3984703, at *6.

In this case, even though the record contained a decision by the VA finding Plaintiff 100% disabled, the ALJ never mentioned the VA by name nor acknowledged that the VA found

Plaintiff 100% disabled. Although the VA's decision is not binding, the ALJ is required to afford great weight to the VA's decision or provide sufficient reasons for affording less weight to that decision. Here, the ALJ provided only a cursory review of the VA's determination and then afforded that determination little weight. The ALJ relied on the lack of medical evidence and reasoning to support his finding that the VA's determination should be afforded little weight. Prior to affording little weight to the VA's decision, the ALJ had a duty to develop the record, needed to have a complete record before him, and then needed to assign the appropriate weight to the VA's decision. The Court finds that the ALJ erred in the determination of the weight afforded the VA's decision. Thus, the ALJ's decision is not supported by substantial evidence.

### B. Severe Impairments

Plaintiff argues that the ALJ erred in failing to find Plaintiff's mental impairments severe after September 1, 2012. Mainly, Plaintiff asserts that the ALJ ignored Plaintiff's GAF scores. The Commissioner responds that Plaintiff had medical improvement such that he no longer had a severe mental impairment.

At issue here is the ALJ's disability determination, where severity is analyzed. At this step, "[a]n impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A severe impairment must bring about at least more than a minimal reduction in a claimant's ability to work, and must last continuously for at least twelve months. *See* 20 C.F.R. §§ 404.1505(a). This inquiry "acts as a filter" so that insubstantial impairments will not be given much weight. *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). While the standard for severity is low, the severity of an impairment "must be measured in terms of its

effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe" but only that the ALJ considered the claimant's impairments in combination, whether severe or not. *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010). If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three. *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, the ALJ determined at step six that Plaintiff continues to have a severe impairment or combination of severe impairments.[5] Thus, even if the ALJ erred in failing to find Plaintiff's mental impairments severe, if the ALJ considered Plaintiff's alleged mental impairments in combination with Plaintiff's other impairments, then the ALJ did not err in failing to find Plaintiff's mental impairments severe at step six.

The ALJ discussed the findings of Michele King, Ph.D., a State agency consultative psychologist dated February 2, 2012. (Tr. at 12). The ALJ noted Plaintiff's subjective complaints to Dr. King of anxiety, depression, marital problems, mood instability, and aggressive behavior. (Tr. at 12). The ALJ noted Dr. King's findings: adequate eye contact; appropriately groomed; goal directed/coherent speech; mood euthymic; well-oriented; memory intact; judgment and insight somewhat impaired; and no evidence of psychotic thinking, delusions, or mania. (Tr. at 12). The ALJ noted that Dr. King found that Plaintiff was capable of

---

[5] Although the cases cited above discuss a severe finding at step two, the additional steps in a discontinued benefits analysis are comparable. Thus, the Court will apply the same law and reasoning.

understanding instructions and sustaining attention, and would have no problems tolerating daily stress in a work environment. (Tr. at 12). The ALJ noted that Dr. King found Plaintiff could encounter interpersonal difficulties, and had some mood instability and aggressive behavior. (Tr. at 12).

The ALJ noted that Plaintiff saw Dr. James Brown on December 26, 2012. (Tr. at 17). Dr. Brown found that Plaintiff did not have a severe mental impairment. (Tr. at 17).

The ALJ discussed the psychiatry consultation conducted by Samuel Pinosky, M.D. on January 11, 2013. (Tr. at 15). The ALJ noted that Dr. Pinosky indicated that Plaintiff was a vague historian, was diagnosed with TBI and PTSD, but had no record of psychiatric intervention except being prescribed some medications. (Tr. at 15). The ALJ indicated that Dr. Pinosky noted Plaintiff had no formal psychiatric treatment in the past few years and Plaintiff's medications ran out months ago. (Tr. at 15). Even though Plaintiff told Dr. Pinosky he was sad, the ALJ noted that Dr. Pinosky found that Plaintiff could smile and joke, was fully oriented, had good recall of events, and could focus on the interview. (Tr. at 16).

The ALJ noted that Plaintiff's last documented mental health visit was on August 2, 2013 with Dr. Pinosky. (Tr. at 16). Plaintiff complained of nightmares and problems with nerves. (Tr. at 16). The ALJ noted that Plaintiff reported to Dr. Pinosky that his mood was better overall, he had some anxiety, he felt restless, his energy was better, and he had no headaches. (Tr. at 16). The ALJ noted that Dr. Pinosky found Plaintiff to be pleasant; well-groomed; with normal psychomotor activity; affect and spontaneity improved; concentration improved; and was fully oriented. (Tr. at 16). The ALJ indicated that Plaintiff was taking one psychotropic medication for his mood. (Tr. at 16).

13

The ALJ clearly considered Plaintiff's mental impairments in combination with Plaintiff's other severe and non-severe impairments. The ALJ discussed at length Plaintiff's visits to mental health providers, the medical records from these providers, as well as the other evidence in the records. The Court finds that even if the ALJ erred in failing to find Plaintiff's mental health impairments severe at step six, the ALJ considered Plaintiff's mental health impairments in combination with Plaintiff's other severe and non-severe impairments at step six. Thus, even though the ALJ may have erred in failing to find Plaintiff's mental impairments severe, this error is harmless.

Plaintiff also argues that the ALJ erred in failing to mention Plaintiff's GAF scores. The Commissioner responds that even though the ALJ did not discuss Plaintiff's GAF scores, the ALJ need not assign weight to the GAF scores and the Commissioner has declined to endorse GAF scores for use in disability cases.

"Although GAF scores frequently have been cited in Social Security disability benefits determinations, the Commissioner has declined to endorse the GAF scale for use in the Social Security and SSI disability programs, and has indicated that GAF scores have no direct correlation to the severity requirements of the mental disorders listings." *Wilson v. Astrue*, 653 F. Supp. 2d 1282, 1293 (M.D. Fla. 2009) (internal quotation marks omitted) (citing *Wind v. Barnhart*, 133 F. App'x 684, 692 (11th Cir. 2005)). This Court has also recognized that GAF scores are of "questionable value in determining an individual's mental functional capacity." *Wilson*, 653 F. Supp. 2d at 1293 (quoting *Gasaway v. Astrue*, No. 8:06-CV-1869-T-TGW, 2008 WL 585113, at *4 (M.D. Fla. Mar. 3, 2008)). Given their questionable value, courts have generally declined to find reversible error where an ALJ does not expressly discuss a claimant's GAF scores. *See*, *e.g.*, *Bailey v. Astrue*, No. 3:09-cv-383-JJRK, 2010 WL 3220302, at *8-9

(M.D. Fla. Aug. 13, 2010) (finding the ALJ's failure to mention Plaintiff's GAF scores did not require remand); *Smith v. Comm'r of Soc. Sec.*, No. 6:10-cv-1478-Orl-31 KRS, 2011 WL 6217110, at *6-7 (M.D. Fla. Nov. 1, 2011), *report and recommendation adopted*, 2011 WL 6217124 (M.D. Fla. Dec. 14, 2011), *aff'd*, 486 F. App'x 874 (11th Cir. 2012)). The Court finds that the ALJ discussed the opinions of the mental health professionals and the failure to include a separate discussion of the GAF scores does not constitute reversible error. Even though the ALJ may not have erred in determining whether Plaintiff's mental health impairments are severe, the Court remands this case to the Commissioner to conduct a more fulsome evaluation of the VA's disability determination, which includes a determination as to Plaintiff's mental health limitations. Thus, the Court will require the Commissioner to reevaluate whether Plaintiff's mental health limitations are severe.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that the decision of the ALJ is not supported by substantial evidence as to the weight afforded the VA's disability determination. Upon remand, the Commissioner should reevaluate the weight afforded the VA's disability determination and reevaluate the whether Plaintiff's mental health impairments are severe impairments.

**IT IS HEREBY ORDERED:**

1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reevaluate the weight afforded the VA's disability determination and reconsider whether Plaintiff's mental impairments are severe.

2) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

3) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

**DONE AND ORDERED** in Fort Myers, Florida on September 15, 2016.

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties